UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH ANTHONY REYNA,

                Plaintiff,

                        v.

FENIX INTERNATIONAL LIMITED,

                Defendant.
---------------------------------------------------------------X

**TRANSFER ORDER**
26-CV-919 (NRM) (TAM)

**NINA R. MORRISON**, United States District Judge:

On February 17, 2026, Plaintiff Joseph Anthony Reyna filed the above-captioned *pro se* complaint and request to proceed *in forma pauperis.* For the reasons that follow, the case is transferred to the United States District Court for the Western District of Texas.

Plaintiff is a frequent litigant in courts across the United States including the Western District of Texas, which has barred him from filing any action in that district without advance written permission. *See Reyna v. Cap. One Fin. Corp.*, No. 25-CV-01498 (ADA), 2025 WL 3132239, at *1 (W.D. Tex. Nov. 6, 2025) ("Plaintiff is BARRED from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge."); *see also, Reyna v. Nelson*, No. 25-CV-1676 (ADA) (ML), 2025 WL 3200764, at *3 (W.D. Tex. Oct. 27, 2025) (agreeing with another judge who held that "Reyna's 'wasting of increasingly scarce judicial resources must be brought to an end.'") (citation omitted), *report and recommendation adopted*, 2025 WL 3198187 (Nov. 13, 2025).

Here, Reyna attempts to circumvent the filing injunction by initiating his lawsuit in the Eastern District of New York.[1] But venue is improper in this district, requiring transfer to the Western District of Texas and compliance with the filing injunction procedures in place as to this Plaintiff in that district.

Pursuant to the venue provision governing federal question jurisdiction, a civil action must be filed in the judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(b). Defendant is located in the United Kingdom. Plaintiff's assertion — that he, a "prospective litigant" must "avert the spoilation of evidence" because he "is preparing to bring civil claims" against the "Only Fans platform" which is operated by the Defendant — appears to repeat a frivolous claim asserted in prior cases in Texas, *see, e.g. Reyna v. Space Expl. Techs. Corp. (Space X),* No. 25-CV-250 (S.D. Tex.) (Dkt No. 47, Dismissal and Warning dated February 4, 2026), but it bears no connection whatsoever to this district.

---

[1] A review of the Federal Judiciary Public Access to Court Electronic Records Service, of which this Court takes judicial notice, reflects that plaintiff has filed over fifty actions in the district courts of Texas, California, Massachusetts, New York, and DC and the Fifth Circuit Courts of Appeals. On February 27, 2026, after this action was filed, the Northern District of Texas barred plaintiff "from filing future actions in this court without first paying the filing fee and obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee and obtaining leave of court (in which he is the plaintiff) should not be reviewed by the Court." *Reyna v. Meta*, No. 25-CV-3562 (N.D. Tex.) (Dkt. No. 18, Judgment).

Accordingly, this case is hereby transferred to the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought). Nothing in this Order disturbs or circumvents the earlier filing junction in place as to Plaintiff's litigation in the Western District of Texas, and in order to proceed with that action, he must continue to comply with those directives as applicable.

Collection of the filing fee is reserved for the transferee court. This Court offers no opinion on the merits of the claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. Summons shall not issue from this Court.

SO ORDERED.

_____/s/ Nina R. Morrison_____
NINA R. MORRISON
United States District Judge

Dated:  Brooklyn, New York
        April 15, 2026

3